THE Centennial Appendix, at the end of Volume 131, contained two tables of omitted cases. In the first table the cases were reported in full. The second contained only a list of cases, term by term [see pages ccxx to ccxxxi], in which opinions were given which were supposed to decide the case on the facts; or on the authority of some case referred to; or in which the decision was made partly on the facts and partly on such authority; or in which judgment was entered either on the stipulation of the parties, or for incompleteness of the record, or for non-compliance with the rules of court. It was assumed that it was not worth while to occupy the space necessary to report these cases in full. The fact that two or three of them have been referred to in opinions of the court, since rendered, shows that this assumption was not well founded, and calls upon the reporter now to print them in full.

## UNITED STATES v. HARRISON.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 126. Submitted April 21, 1852. — Decided April 23, 1852.

The evidence and principles decided in this case are the same in substance with those in *United States* v. *Philadelphia*, 11 How. 609.

THE case is stated in the opinion.

MR. CHIEF JUSTICE TANEY delivered the opinion of the court.

The appellees in this case claim title to the land in question under certain instruments of writing executed by the Baron Caron-delet in favor of the Baron Bastrop in 1796 and 1797, which are fully set out in the case of *The United States* v. *The Cities of*

531

*Philadelphia and New Orleans,* reported in 11 How. 609. It was decided in that case that these instruments of writing did not convey to the Baron Bastrop a title to the lands therein described. The decree in this case in favor of the appellees must therefore be reversed and a mandate issued directing the District Court to enter a decree in favor of the United States and dismiss the petition.

This case not to be reported, the evidence and principles decided being the same in substance with the case referred to in 11 Howard's Reports. *Reversed.*

*Mr. Attorney General* for appellant.

No appearance for appellees.